Filed 10/9/23

# CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SEVEN

| | |
|---|---|
| In re JOSE C., a Person Coming Under the Juvenile Court Law. | B317838 |
| | (Los Angeles County Super. Ct. No. 21CCJP04738A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. JOSE C., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Linda Sun, Judge. Dismissed as moot.

Marsha F. Levine, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

On December 2, 2021 the juvenile court sustained the petition filed by the Los Angeles County Department of Children and Family Services pursuant to Welfare and Institutions Code section 300, subdivisions (a) and former (b)(1),[1] alleging that Maira H. and Jose C., the parents of now-nine-year-old Gael C., five-year-old Matias C. and three-year-old Jocelyn C., had a history of engaging in violent physical and verbal altercations in the presence of the children and describing a September 9, 2021 incident in which Maira repeatedly struck Jose and Jose forcefully pushed Maira onto a couch and struck her in the face with his fist.[2] At disposition the court declared the children dependents of the court, removed them from Jose's care and released them to Maira, allowing Jose to have unmonitored visitation in a public setting. Jose appealed the December 2, 2021 findings and orders. Maira did not.

On September 22, 2022, prior to Jose's filing of his opening brief on appeal arguing the evidence did not support the juvenile court's findings, the juvenile court terminated its jurisdiction and issued custody orders, based on the parents' mediated agreement, providing for joint legal and physical custody of the children with

[1] The Legislature amended Welfare and Institutions Code section 300, effective January 1, 2023, in part by rewriting subdivision (b)(1) to now specify in separate subparagraphs various ways in which a child may come within the jurisdiction of the juvenile court as a result of the failure or inability of the child's parent or guardian to adequately supervise or care for the child.

[2] The violent incident on September 9, 2021 was apparently precipitated by Maira's discovery that Jose was communicating with multiple women in Mexico and had a three-year-old son in that country.

2

their primary residence to be with Maira. The custody orders include a parenting plan that specifies a visitation schedule for Jose and allows for additional visitation as agreed by both parents. Jose did not appeal the order terminating jurisdiction or the custody orders.

The Department contends termination of dependency jurisdiction moots Jose's appeal. Jose argues, because he had unlimited access to the children prior to the initiation of dependency proceedings (when he was living with Maira, which he no longer does) and now has limited visitation, the appeal is not moot.

We agree with the Department. (See *In re D.P.* (2023) 14 Cal.5th 266, 276 [case becomes moot when events ""render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief""].) Although Jose is no doubt correct that the jurisdiction findings impacted the custody orders entered by the juvenile court, to provide Jose with effective relief, we would have to reverse not only the jurisdiction findings and disposition orders but also the orders terminating jurisdiction and determining visitation. (See *In re Rashad D.* (2021) 63 Cal.App.5th 156, 164.) Because he did not appeal the September 22, 2022 custody and visitation orders, however, those orders are not now before us or otherwise subject to appellate review. (*Ibid.*) We have no jurisdiction to review and change Jose's visitation rights, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*Ibid.*; see *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 ["where jurisdiction has been terminated and is final . . . , jurisdiction cannot be conferred upon the appellate court"]; see also Welf. & Inst. Code, § 304 [juvenile court has exclusive jurisdiction to hear

3

proceedings regarding custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court, rule 5.620(a) [same].)  Accordingly, we dismiss Jose's appeal as moot.

## DISCUSSION

The Supreme Court earlier this year in *In re D.P.*, *supra*, 14 Cal.5th 266 explained the mootness doctrine and confirmed it applied to dependency appeals:  "A court is tasked with the duty to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.  A case becomes moot when events render it impossible for a court, if it should decide the case in favor of plaintiff, to grant him any effective relief.  For relief to be effective, two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*Id.* at p. 276 [cleaned up].)

Despite its reaffirmation of the applicability of the mootness doctrine to dependency appeals, the Supreme Court emphasized that, even when a case is moot, courts may exercise their inherent discretion to reach the merits of the dispute. (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.)  That discretion, the Court explained, is generally exercised only when the case presents an issue of broad public interest that is likely to recur, when there may be a recurrence of the controversy between the parties or when a material question remains for the court's determination.  (*Ibid.*)  However, because features of dependency proceedings tend to make appeals prone to mootness problems,

4

the Court identified several additional factors for the courts of appeal to evaluate when deciding whether discretionary review of a moot case may be warranted outside of those instances. (*Id.* at pp. 284-286.)

Specifically, and without intending to be exhaustive, the Supreme Court suggested the following considerations. First, whether the challenged jurisdiction finding could potentially impact the current or future dependency proceedings, for example, by influencing the child protective agency's decision to file a new dependency petition or the juvenile court's determination about further reunification services. (*In re D.P.*, *supra*, 14 Cal.5th at p. 285.) Second, the nature of the allegations against the parent: "The more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, whether the case became moot due to prompt compliance by parents with their case plan: "It would perversely incentivize noncompliance if mootness doctrine resulted in the availability of appeals from jurisdictional findings only for parents who are less compliant or for whom the court has issued additional orders." (*Ibid.*)

Here, Jose may satisfy the first half of the mootness inquiry: He complains of ongoing harm in the form of restricted visitation rights with the children suffered from a change in his legal status. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 277.) But, in the absence of an appeal from the order that created the restriction he wants revised, he fails to demonstrate that this court can provide any relief that will have "'a practical, tangible impact'" on that legal status. (*Ibid.*) That is, in the language of *In re D.P.*, the harm that Jose identifies—his reduced visitation—

5

cannot be rectified by the outcome he seeks—reversing the juvenile court's jurisdiction finding. (See *id.* at p. 276.)

This court explained in *In re Rashad D.*, *supra*, 63 Cal.App.5th 156 that "termination of dependency jurisdiction does not necessarily moot an appeal from a jurisdiction finding that directly results in an adverse juvenile custody order. But in most cases . . . for this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status. Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*Id.* at p. 159.) By not appealing the September 22, 2022 custody orders, Jose "forfeited any challenge to those rulings, including the juvenile court's jurisdiction to issue them." (*Id.* at p. 167.)

Jose did not cite *In re Rashad D.*, *supra*, 63 Cal.App.5th 156 in his opening brief, let alone disagree with its mootness analysis or attempt to distinguish it. And after the Department argued the appeal was moot based on *In re Rashad D.* following Jose's failure to appeal the custody and visitation orders, Jose elected not to file a reply brief. Under these circumstances we see no reason not to apply the holding of *In re Rashad D.*[3]

---

[3] In *In re D.P.*, *supra*, 14 Cal.5th 266, while the parents' appeal from the juvenile court's jurisdiction findings was pending, the juvenile court terminated its jurisdiction without issuing custody and visitation orders, leaving in place the status quo ante. (See *id.* at p. 275.) The Supreme Court did not address the procedural posture at issue in *In re Rashad*, *supra*, 63 Cal.App.5th 156 and this case.

As discussed, the Supreme Court in *In re D.P.*, *supra*, 14 Cal.5th 266 held, even when a case is moot, the reviewing court has discretion to reach the merits. (*Id.* at p. 282.) However, Jose declined to ask us to exercise that discretion in this case, omitting from his brief any argument that one or more of the factors identified by the Court in *In re D.P.* was applicable to his appeal. Indeed, as the Department argues, this is hardly an appropriate case for a merits review of an otherwise moot appeal. The parenting plan that was incorporated in the juvenile court's custody and visitation orders was the product of a mediation at which Maira and Jose and their respective counsel participated, and Jose reviewed and agreed to the final form of the plan.

## DISPOSITION

The appeal is dismissed as moot.


                                              PERLUSS, P. J.

We concur:



         SEGAL, J.



         MARTINEZ, J.

7